UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CLAUDINE L. TRIGLIA,

                      Plaintiff,

    v.

PEPSICO, INC., PEPSICO PENSION MANAGEMENT
SERVICES, LTD., and PEPSI-COLA BOTTLING
COMPANY OF NEW YORK, INC.,

                      Defendant.
------------------------------------------------------------------X

Civil Action No.:

07 CIV. 6905

JUDGE CONNER

COMPLAINT &
JURY DEMAND

Plaintiff, by her attorney, The Hilpert Law Offices, complaining of the defendants, says:

## PARTIES

1. Plaintiff CLAUDINE L. TRIGLIA ("Plaintiff") is an individual who is a citizen of the Sate of New York.

2. Upon information and belief, defendant PEPSICO, INC. ("Pepsico") (a) is a corporation that is incorporated under the laws of the State of North Carolina, (b) has its principal place of business in the State of New York, (c) does not have a registered agent for service of process in the State of New York, and (d) service of process on defendant may be made according to the laws of the State of New York by service upon the Secretary of State.

3. Upon information and belief, defendant PEPSICO PENSION MANAGEMENT SERVICES, LTD. ("PPMS") (a) is a corporation that is incorporated under the laws of the State of Delaware, (b) has its principal place of business in the State of New York, (c) does not have a registered agent for service of process in the State of New York, and (d) service of process on defendant may be made according to the laws of the State of New York by service upon the Secretary of State.

4. Upon information and belief, defendant PEPSI-COLA BOTTLING COMPANY OF NEW YORK, INC. ("Pepsi-Cola") (a) is a corporation that is incorporated under the laws of the State of Pennsylvania, (b) has its principal place of business in the State of New York, (c) has a registered agent for service of process in the State of New York, and (d) service of process on defendant may be made according to the laws of the State of New York by service upon the Secretary of State, or Pepsi Cola's registered agent at C T Corporation System, 111 Eighth Ave., New York, NY 10011.

## JURISDICTION AND VENUE

5. This Court has "exclusive jurisdiction" over this matter because the action arises under the Employee Retirement Income Security Program ("ERISA") 29 U.S.C. § 1001, et seq., as directed by ERISA at 29 U.S.C. § 1132(e)(1).

6. Plaintiff further asserts the supplemental jurisdiction of this Court to consider related claims arising under New York State's Executive law pursuant to 28 U.S.C. § 1367.

7. Venue is in the federal judicial district and state in which the "breach took place," the Southern District, State of New York, pursuant to ERISA at 29 U.S.C. § 1132(e)(2).

## AS AND FOR A FIRST CAUSE OF ACTION

8. Plaintiff repeats and re-alleges each and every allegation made in paragraphs 1 through 7 above as though fully set forth herein.

9. From 1998 until 2005, Plaintiff was continuously employed, and had benefits administered by, one or more of Pepsico, PPMS and/or Pepsi-Cola, hereinafter, and collectively, the "Defendants."

10. On or about August 17, 2005, Plaintiff was terminated by Defendants from her employment.

11. Pursuant to ERISA at 29 U.S.C. § 1166(a)(2), Defendants were required to advise Plaintiff of and offer Plaintiff as regards her right to continuation coverage for health insurance ("Continuation Coverage") within the thirty (30) day period following the date of her termination.

12. Defendants failed to provide such notification in a timely manner, and only after the expenditure of much anxiety, stress, money and time in communicating with Defendants regarding her right for Continuation Coverage.

13. Plaintiff was first so advised and offered such Continuation Coverage by letter received on or about November 10, 2006.

14. The actions of Defendants as regards her right to Continuation Coverage were arbitrary and capricious and intended to, and did, cause stress to Plaintiff both economically and emotionally.

15. Pursuant to 29 U.S.C. § 1132 (c) (3), the failure by Defendants to provide notification of Plaintiff's right to Continuation Coverage subjects them to liability for up to $100 per day for that failure to so notify.

16. For the approximately 450 days in which Defendants failed to notify Plaintiff of her right to Continuation Coverage or otherwise offer same to her, Defendants are liable for such failure.

## AS AND FOR A SECOND CAUSE OF ACTION

17. Plaintiff repeats and re-alleges each and every allegation made in paragraphs 1 through 16 above as though fully set forth herein.

18. Under ERISA, Plaintiff was to be duly offered her pension and related rights, which rights included her vested right to stock options through an employee pension benefit plan (as contemplated by ERISA, 29 U.S.C. § 1002), a plan which the Defendants entitled "Sharepower."

19. Sharepower was originally offered by Defendants in lieu of a 401K plan, and was presented by Defendants to Plaintiff as a vehicle for employees to accumulate retirement funds.

20. Initially, the offer to exercise her Sharepower rights was duly presented by Defendants to Plaintiff in January, 2006, with a right to exercise date as of February 1, 2006.

21. When Plaintiff attempted to exercise her Sharepower rights, Defendants, in violation of 29 U.S.C. § 1140, refused to grant those Sharepower stock options to her, with said stock options expiring on or about March 6, 2006.

22. After experiencing much anxiety and stress, the expenditure of money, effort and time in communicating with Defendants regarding her rights, on or about October 11, 2006, plaintiff was first offered the right to exercise her vested Sharepower stock options.

23. The actions of Defendants were arbitrary and capricious and intended to, and did, cause damage to Plaintiff both economically and emotionally.

24. Pursuant to 29 U.S.C. § 1132 (c) (1), as modified by 29 C.F.R § 2575.502c-1, the failure by the administrator to grant exercise of such right, without consideration of any actual losses resulting from that failure, exposes the administrator to statutory liability of up to $110 per day.

25. For the approximately 284 days in which Defendants denied Ms. Triglia her vested right to exercise her stock options, they are so liable for such failure.

## DAMAGES

26. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injuries and damages, including but not necessarily limit to, the following:

    (a)  Loss of health coverage, and the attendant time, stress and expense necessarily incurred by Plaintiff to obtain other, less comprehensive health insurance coverages, such that the Court should properly invoke a statutory ERISA recovery.

    (b)  Delay in right to exercise vested rights led to Plaintiff's loss of time, great anxiety, stress and unnecessary expense in seeking remedy the wrongfully denied Sharepower rights, such that the Court should properly invoke a statutory ERISA recovery.

## ATTORNEY'S FEES & COSTS

27. Pursuant to 29 U.S.C. § 1132 (g), the court "may allow a reasonable attorney's fee and costs of action."

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

   (a)  As to the First Cause of Action, in an amount to be determined by the trier of fact;
   (b)  As to the Second Cause of Action, in an amount to be determined by the trier of fact;
   (c)  Attorney's Fees; and
   (d)  Interest, costs, expenses, disbursements, and such other and further relief as may be deemed just and proper.

**JURY DEMAND**

Plaintiff requests trial by jury of all issues so triable.

Dated: Croton-on-Hudson, New York
      July 30, 2007

                                    THE HILPERT LAW OFFICES

                                    By: _____
                                         Robert J. Hilpert  (RJH-7076)
                                    Attorney for Plaintiff
                                    75 South Riverside Avenue
                                    Croton-on-Hudson, New York  10520
                                    (914) 271-2100

TO:   Pepsico, Inc.
      700 Anderson Hill Road
      Purchase, New York 10577

      Pepsico Pension Management Services, Ltd.
      c/o Michael D. White
      700 Anderson Hill Road
      Purchase, New York 10577

      Pepsi-Cola Bottling Company of New York, Inc.
      50-35 56th Road
      Maspeth, New York 11378