UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
CLAUDINE L. TRIGLIA,                          :
                                                               :      Civil Action No:
                                *Plaintiff*,   :      07-cv-6905 -WCC
                                                                :
                 -against-                :      **ANSWER AND COUNTERCLAIMS**
                                                                  :
PEPSICO, INC., PEPSICO PENSION       :
MANAGEMENT SERVICES, LTD. and  :
PEPSI-COLA BOTTLING COMPANY    :
OF NEW YORK, INC.,                             :
                                                                 :
                                    *Defendants.*  :
------------------------------------------------------x

       Defendants PepsiCo., Inc. ("PepsiCo.") and PepsiCo Pension Management Services, Ltd. ("PPMS") (collectively, "Pepsi"), by their attorneys Luboja & Thau, LLP, as and for their answer to the complaint and counterclaims, state:

PARTIES

    1.    Pepsi deny the allegations contained in paragraph "1" of the complaint, except admit, upon information and belief, that plaintiff is an individual who is a citizen of the State of New York.

    2.    Pepsi deny the allegations contained in paragraph "2" of the complaint, except admit that PepsiCo is a North Carolina corporation with its principal place of business in Purchase, New York, and neither admit nor deny plaintiff's allegations as to the substance of New York law.

    3.    Pepsi deny the allegations contained in paragraph "3" of the complaint, except admit that PPMS is a Delaware corporation with its principal place of business in Purchase, New York, and neither admit nor deny plaintiff's allegations as to the substance of New York law.

4.   Pepsi deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the complaint, except neither admit nor deny plaintiff's allegations as to the substance of New York law.

## JURISDICTION AND VENUE

5.   Pepsi deny the allegations contained in paragraph "5" of the complaint.

6.   Pepsi admit that plaintiff purports to assert the supplemental jurisdiction of the Court to consider related claims arising under New York State Executive Law, and otherwise deny the allegations contained in paragraph "6" of the complaint.

7.   Pepsi lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the complaint.

## RESPONSE TO FIRST CAUSE OF ACTION

8.   Pepsi repeat and reallege their responses to paragraphs "1" through "7" of the complaint with the same force and effect as if fully stated herein.

9.   Pepsi deny the allegations contained in paragraph "9" of the complaint, except admit that plaintiff was employed by PepsiCo. from August 17, 1998, and state that plaintiff continues to be employed by PepsiCo. under an unpaid leave of absence.

10.   Pepsi deny the allegations contained in paragraph "10" of the complaint.

11.   Pepsi deny the allegations contained in paragraph "11" of the complaint, and leave to the Court determinations of law.

12.   Pepsi deny the allegations contained in paragraph "12" of the complaint.

13.   Pepsi deny the allegations contained in paragraph "13" of the complaint.

14.   Pepsi deny the allegations contained in paragraph "14" of the complaint.

15.   Pepsi deny the allegations contained in paragraph "15" of the complaint.

16.    Pepsi deny the allegations contained in paragraph "16" of the complaint.

<u>RESPONSE TO SECOND CAUSE OF ACTION</u>

17.    Pepsi repeat and reallege their responses to paragraphs "1" through "16" of the complaint with the same force and effect as if fully stated herein.

18.    Pepsi deny the allegations contained in paragraph "18" of the complaint, and leave to the Court determinations of law.

19.    Pepsi deny the allegations contained in paragraph "19" of the complaint.

20.    Pepsi deny the allegations contained in paragraph "20" of the complaint, and refer to the PepsiCo SharePower Program for the terms and conditions thereof.

21.    Pepsi deny the allegations contained in paragraph "21" of the complaint, and refer to the PepsiCo SharePower Program for the terms and conditions thereof.

22.    Pepsi deny the allegations contained in paragraph "22" of the complaint, except admit that plaintiff's 2003 PepsiCo SharePower options were erroneously reinstated and vested in October 2006.

23.    Pepsi deny the allegations contained in paragraph "23" of the complaint.

24.    Pepsi deny the allegations contained in paragraph "24" of the complaint, and leave to the Court determinations of law.

25.    Pepsi deny the allegations contained in paragraph "25" of the complaint.

26.    Pepsi deny the allegations contained in paragraph "26" of the complaint.

27.    Pepsi deny the allegations contained in paragraph "27" of the complaint, and respectfully refer the Court to 29 U.S.C. § 1132(g) for the terms thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

28. The complaint fails to state claim.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitation.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

30. Plaintiff has failed to mitigate her damages, if any.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

31. Plaintiff has timely received all benefits to which she was and is entitled as an employee of PepsiCo, including health and welfare benefits, and benefits under the PepsiCo 401(k) Plan for Salaried Employees and the PepsiCo SharePower Program.

## AS AND FOR FIFTH AFFIRMATIVE DEFENSE

32. No "qualifying event" has occurred triggering the notice requirement for continuation health insurance coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

## AS AND FOR SIXTH AFFIRMATIVE DEFENSE

33. PPMS has never employed plaintiff, or contracted to provide health and welfare or other benefits to plaintiff. The complaint against PPMS is thus barred for lack of privity.

## AS AND FOR A FIRST COUNTERCLAIM

34. Defendant/counterclaim plaintiff PepsiCo is a North Carolina corporation with its principal place of business in Purchase, New York.

35. Upon information and belief, Plaintiff/counterclaim defendant Claudine L. Triglia ("Triglia") is a citizen of the State of New York residing in Westchester County, New York

36. This Court has jurisdiction to consider PepsiCo's counterclaim pursuant to Fed. R. Civ. Pro. 13.

37. Venue is in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

38. Plaintiff became employed by PepsiCo. on or about August 17, 1998, and was employed by PepsiCo at all times relevant hereto.

39. During and by reason of her employment with PepsiCo, PepsiCo issued to Triglia a corporate American Express card for use exclusively for PepsiCo business purposes.

40. For the period April through September 2005, Triglia utilized said PepsiCo corporate American Express card for personal expenses, which non-business use was unauthorized by PepsiCo. The personal charges incurred by Triglia using the PepsiCo corporate American Express card totaled $1,958.96.

41. By letter dated October 6, 2005, PepsiCo demanded of Triglia that she make payment to Pepsi Cola North America in the amount of $1,958.96 by October 14, 2005.

42. By letter dated December 20, 2005 from her attorneys, Goldblatt & Associates, P.C., Triglia admitted her obligation to repay to PepsiCo the sum of at least

5

$1,784.82 for personal expenses charged without authorization to her PepsiCo corporate American Express card.

43. The sum of $1,958.96 remains unpaid by Triglia, despite due demand by PepsiCo.

## AS AND FOR A SECOND COUNTERCLAIM

44. Defendant/counterclaim plaintiff PepsiCo repeats and realleges each and every allegation contained in paragraphs 32 through 43 hereof with the same force and effect as if fully set forth herein.

45. Triglia took an unpaid leave of absence from PepsiCo for the six-month period from September 6, 2005 through March 7, 2006. She has failed since that period to terminate her employment with PepsiCo or to report to work, upon information and belief, by reason of her continuing disability.

46. Triglia has received continuing health and welfare benefits from PepsiCo since September 6, 2005 without payment by Triglia of required premiums for said coverage.

47. By reason of the foregoing, PepsiCo has been damaged in an amount to be proven at trial, but in no event less than $6,649.60.

WHEREFORE, Pepsi request that the Court enter a Judgment in their favor such that plaintiff takes nothing, and against plaintiff/counterclaim defendant and in favor of PepsiCo (a) on the First Counterclaim, in the amount of $1,958.96, plus interest, costs and disbursements, and such other relief as the Court may deem just and proper, and (b)

on the Second Counterclaim, in the amount to be proven at trial, plus interest, costs and disbursements, and such other relief as the Court may deem just and proper.

Dated: New York, New York
       October 22, 2007

                                              LUBOJA & THAU, LLP

                                              By: _____
                                              David A. Stein (DS-1631)
                                              Attorneys for Defendants PepsiCo, Inc. and
                                              PepsiCo Pension Management Services, Ltd.
                                              10 East 40th Street, 30th Floor
                                              New York, New York 10016
                                              (212) 779-9800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CLAUDINE L. TRIGLIA,

                     *Plaintiff*,

          -against-

PEPSICO, INC., PEPSICO PENSION
MANAGEMENT SERVICES, LTD. and
PEPSI-COLA BOTTLING COMPANY
OF NEW YORK, INC.,

                     *Defendants.*
------------------------------------------------------------x

Civil Action No:
07-cv-6905 -WCC

**CERTIFICATE**
**OF SERVICE**

I HEREBY CERTIFY, under penalty of perjury, that on October 22, 2007, I served the annexed Answer and Counterclaims of Defendants PepsiCo, Inc. and PepsiCo Pension Management Services, Ltd. upon:

| | |
|---|---|
| Steven Felsenfeld, Esq. | The Law Offices of Christopher P. Di Giulio, P.C. |
| The Hilpert Law Offices | 111 John Street, Suite 1615 |
| 75 South Riverside Avenue | New York, NY 10038 |
| Croton-on-Hudson, New York 10520 | Attorneys for Defendant Pepsi-Cola Bottling |
| Attorneys for Plaintiff | Company of New York, Inc. |

by placing a true and complete copy thereof in a properly addressed post paid envelope in an official depository under the exclusive care and custody of the U.S. Postal Services within the State of New York, addressed to the individuals named above, at the addresses set forth after their names.

Dated: New York, New York
          November 29, 2007

                                                              _____
                                                               David A. Stein

1

David A. Stein

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

CLAUDINE L. TRIGLIA,

                  *Plaintiff*,

      -against-

PEPSICO, INC., PEPSICO PENSION
MANAGEMENT SERVICES, LTD. and
PEPSI-COLA BOTTLING COMPANY
OF NEW YORK, INC.,

                  *Defendants*.

------------------------------------------------------x

**Civil Action No.: 07-cv-6905-WCC**

## ANSWER AND COUNTERCLAIMS

### LUBOJA & THAU, LLP

*Attorney(s) for* Defendants
PepsiCo, Inc. and PepsiCo Pension Management Services, Ltd.

*Office and Post Office Address, Telephone*
10 East 40th Street
New York, New York 10016
(212) 779-9800